NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRIENDS OF ANIMALS, | No. 19-35044 |
| Plaintiff-Appellant, | D.C. No. 6:17-cv-00860-AA |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, an agency of the United States; JIM KURTH, in his official capacity as the acting Director of the United States Fish and Wildlife Service, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted December 10, 2019
Seattle, Washington

Before: GRABER, BERZON, and HIGGINSON,** Circuit Judges.

Plaintiff Friends of Animals ("Friends") appeals the district court's grant of

summary judgment for lack of standing on Friends' challenge of a series of permits

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

and Safe Harbor Agreements issued by the United States Fish and Wildlife Service ("the Service"). We reverse in part, affirm in part, and remand for the district court to consider the merits of Friends' challenge.

1. Friends has suffered an injury that is "concrete and particularized" with respect to the permit sites in the Oregon Coast Range Study Area. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). One of Friends' two declarants, Marguery Zucker, averred that she visited campsites a mile away and half a mile away from the permit sites in the Oregon Coast Ranges Study Area. This was not an "averment[] which state[d] only that [one of the organization's] members uses unspecified portions of an immense tract of territory," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990), but a statement that she "use[s] the affected area." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 183–84 (2000).

Because Friends needs only one of its members to have standing for the purposes of its challenge, *see Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1994), we do not address whether Michael Harris, Friends' other declarant, has standing.

2. Friends' members have not, however, described a particularized interest in the Klamath Study Area. Zucker, the only declarant to mention the Klamath Study Area, stated only that her "numerous travels across Douglas County for various camping and hiking expeditions have taken [her] through the Union/Myrtle

2

(Klamath) Study Area." This statement is inadequate to establish standing to challenge the particular permits and agreements here at issue, as it avers only that Zucker has traveled "'in the vicinity of' vast tracts of land, small sections of which would be [affected areas]." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1148 n. 7 (9th Cir. 2000) (quoting *Lujan*, 497 U.S. at 886–89).

3. With regard to its challenge to the Oregon Coast Range permits and agreements, Friends has established that the "threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation and internal quotation marks omitted). "[S]ome probabilistic chance of environmental harm . . . is sufficient for Article III standing[,] . . . [because] [t]hreatened environmental harm is by nature probabilistic." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 645 n.49 (9th Cir. 2014) (citations and internal quotation marks omitted).

Here, at least two of Friends' potential injuries satisfy the imminence requirement. Zucker declared that she enjoys viewing both barred and spotted owls. With respect to the former, the permits allow the Service to enter the permit sites to kill barred owls. With respect to the latter, the Service's broader spotted owl experiment expressly contemplates the return of some spotted owls to the study areas; the permits and Safe Harbor Agreements are designed to allow the incidental take of any spotted owls that do return to the covered sites. There is

therefore a "substantial risk" that the permits and Safe Harbor Agreements will harm Friends' members' aesthetic and recreational interests in viewing barred and spotted owls.

4. For substantially the same reasons, Friends also satisfies Article III standing requirements for the purposes of its procedural challenge under the National Environmental Policy Act of 1969 of the Service's decision not to issue an updated Environmental Impact Study. *See WildEarth Guardians v. U.S. Dep't of Agric.*, 795 F.3d 1148, 1154–55 (9th Cir. 2015).

**AFFIRMED in part; REVERSED in part; REMANDED.** Costs on appeal are awarded to Appellant.